In re the Marriage of:

Ann Renee Culligan p/k/a Ann Renee Cindric,
Petitioner-Respondent,

v.

Nicolas Cindric, Respondent-Appellant.

Court of Appeals

*No. 02–2275. Submitted on briefs January 10, 2003.—
Decided July 10, 2003.*

2003 WI App 180

(Also reported in 669 N.W.2d 175.)

536

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Kristen E. Lehker* of *Wessel, Brown and Associates LLC* of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *John P. Schuster* of *Schuster Law Office* of Madison.

Before Vergeront, P.J., Dykman and Roggensack, JJ.

¶ 1. ROGGENSACK, J. Nicolas Cindric appeals an order denying his motion to modify physical place-

ment provisions of a 1999 judgment divorcing him from Ann Culligan. The circuit court concluded Nicolas failed to prove that since the last order there has been a substantial change in circumstances affecting physical placement, as required by WIS. STAT. § 767.325(1)(b) (2001–02).[1] It based its decision on a December 10, 2001 order. Because we conclude that the circuit court used the wrong court order as the starting point in reviewing Nicolas's motion to change physical placement, we reverse the order. On remand, we direct the circuit court to determine whether there has been a substantial change in circumstances since the entry of the divorce judgment, which is the last order that substantially affected physical placement, as set out in § 767.325(1)(b)1.b, and to determine whether a modification of the children's *current* physical placement schedule is in their best interest as required by § 767.325(1)(b)1.a. In determining this second factor, it is Nicolas's burden to persuade the circuit court to set aside the statutory presumption that continuing the children's actual physical placement with the parent with whom they are now residing for the greater period of time is in their best interest, as § 767.325(1)(b)2.b requires.

## BACKGROUND

¶ 2.  Nicolas Cindric and Ann Culligan were married on August 17, 1991. The parties have three minor children:  Nicolas, Megan and Ryan. Nicolas and Ann were divorced on May 24, 1999. The judgment of divorce granted joint legal custody of the children and periods of physical placement with each parent as set

---

[1] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

forth in the marital settlement agreement the court adopted as part of its judgment of divorce. Based on the marital agreement, the court awarded Nicolas physical placement of the children every other weekend from Friday evening through Monday morning and every Wednesday evening to Thursday morning.

¶ 3. The marital settlement agreement also included the following language that purported to effect a prospective change in the physical placement of the children:

> Beginning the first week that the parties' youngest child, Ryan Cindric, enters kindergarten, Nicolas Cindric shall have the following periods of physical placement with the children:
>
> Week One: Wednesday night to Thursday morning, and Friday evening through to Monday morning.
>
> Week Two: Wednesday evening to Friday morning.
>
> However, the spring prior to Ryan entering kindergarten, the parties shall enter mediation with Andrew Paulson, Ph.D. to discuss placement options when Ryan enters school to determine if the above schedule will best meet their children's developmental needs.

¶ 4. Ryan Cindric entered kindergarten on August 20, 2001, and on August 22, the parties implemented the contemplated adjustment in placement. In November 2001, Nicolas moved to modify his child support obligation due to the increase in his periods of physical placement with the children. On December 10, the Family Court Commissioner entered a stipulated order amending the judgment of divorce. The order recognized that "since August 22, 2001, Nicolas has [had] placement of the minor children forty-three per-

cent (43%) of the time, and is a shared placement payer." The order modified his child support obligation accordingly.

¶ 5. On May 20, 2002, Nicolas moved to modify the judgment of divorce to further increase his placement periods with the children. If granted, his motion would have increased his periods of physical placement beyond both what was initially ordered in 1999 and the modification made by the parties in August 2001. WISCONSIN STAT. § 767.325(1)(b) provides that after two years, a court may change physical placement if the modification is in the child's best interest and there has been a substantial change of circumstances since the entry of the last order that substantially affected physical placement. Nicolas argued that the last order affecting placement was the 1999 divorce judgment. Accordingly, his motion alleged that the requested modification was in the children's best interest and that there had been a substantial change in circumstances since entry of the divorce judgment. The changed circumstances included: (1) the youngest child had reached school age and all three children now attended school full-time; (2) Nicolas moved into the children's school district; (3) Nicolas accepted a new position that required very little travel; and (4) Ann had begun to limit and interfere with his contact with the children.

¶ 6. Ann opposed Nicolas's motion to modify placement. She argued that the last order affecting placement was entered by stipulation on December 10, 2001 and that Nicolas's affidavit in support of his motion to modify placement alleged insufficient facts to show a substantial change in circumstances since entry of the December 10 order. In short, she argued that Nicolas's motion raised the same changed circumstances that were alleged in support of the December 10

order that reduced his child support payments. The circuit court agreed and denied Nicolas's motion. The court concluded that Nicolas failed to establish that the modification was in the best interest of the children or that there had been a substantial change in circumstances since entry of the last order affecting physical placement, which it concluded was the December 10 order. Nicolas appeals.

## DISCUSSION

**Standard of Review.**

¶ 7.  Physical placement determinations are committed to the sound discretion of the circuit court. *Larson v. Larson*, 30 Wis. 2d 291, 303, 140 N.W.2d 230, 237 (1966). They will be sustained on appeal when the court exercises its discretion on the basis of the law and the facts of record and employs a logical rationale in arriving at its decision. *Licary v. Licary*, 168 Wis. 2d 686, 692, 484 N.W.2d 371, 374 (Ct. App. 1992). A court erroneously exercises its discretion, however, when it bases its decision on an error of law. *Id.*

¶ 8.  The resolution of this appeal requires interpretation of Wis. Stat. § 767.325. The construction of a statute and its application to undisputed facts present questions of law that we review without deference to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997).

**Wisconsin Stat. § 767.325.**

¶ 9.  Wisconsin Stat. § 767.325 governs modification of legal custody and physical placement orders. Nicolas's May 2002 motion to modify placement was

541

grounded on the post-two-year provisions in subsec. (1) that provide in relevant part:

> (b) *After 2–year period.* 1. Except as provided under par. (a) and sub. (2), upon petition, motion or order to show cause by a party, a court may modify an order of legal custody or an order of physical placement where the modification would substantially alter the time a parent may spend with his or her child if the court finds all of the following:
>
> a. The modification is in the best interest of the child.
>
> b. There has been a substantial change of circumstances since the entry of the last order affecting legal custody or the last order substantially affecting physical placement.
>
> 2. With respect to subd. 1., there is a rebuttable presumption that:
>
> . . .
>
> b. Continuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child.

Nicolas argues that the "last order substantially affecting physical placement" for purposes of § 767.325 is the 1999 judgment of divorce that awarded him periods of physical placement pursuant to the marital settlement agreement. Accordingly, Nicolas contends that the circuit court erroneously exercised its discretion when it denied modification on the grounds that no substantial changes in circumstances had occurred since December 2001, when the court entered the order modifying his financial child support obligation. The issue, therefore, is whether an order that modifies the financial payment

for child support is an order "substantially affecting physical placement" as contemplated by § 767.325(1)(b).

¶ 10.   The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506, 509 (1997). We first look to the language of the statute itself. *Id.* If the meaning of the statute is clear on its face, we apply it as written. *Id.* This court's primary purpose in reviewing a statute is to achieve a reasonable construction that will effectuate the legislature's purpose. *Barnett v. LIRC*, 131 Wis. 2d 416, 420, 388 N.W.2d 652, 654 (Ct. App. 1986).

¶ 11.   Nicolas starts with the statutory language "substantially affects" and argues that the verb "affect" unambiguously means to "have an effect on" or "make a difference." Therefore, Nicolas argues that the December 2001 child support modification order did not "substantially affect" placement because it did not "have an effect on" placement. The August 2001 placement change was the product of the parties' 1999 divorce judgment that purported to effect a prospective change in the physical placement of the children. The December 2001 order merely acknowledged that a placement change had occurred, it "did not itself create any change in placement."

¶ 12.   In contrast, Ann argues that the December 2001 order affected physical placement because the order modified the initial placement schedule set forth in the 1999 divorce judgment. In other words, Ann contends that the parties *informally* modified the original placement order in August 2001 to include an additional night. She cites *Koeller v. Koeller*, 195 Wis. 2d 660, 536 N.W.2d 216 (Ct. App. 1995), for the propo-

sition that a prospective custody judgment is void *per se* and therefore the 1999 judgment did not effectuate the August 2001 change in placement. Accordingly, Ann contends that the December 2001 order stating, "WHEREAS, since August 22, 2001, Nicolas has placement of the minor children forty-three percent (43%) of the time," modified the initial 1999 judgment by adopting the parties' informal agreement.

¶ 13.   We agree with Ann that the portion of the divorce judgment effecting a prospective change in physical placement, contingent on an assessment of the children's needs, is invalid. *Koeller*, 195 Wis. 2d at 662, 536 N.W.2d at 217. It is well settled that a circuit court lacks the statutory authority at divorce to order a change of physical placement that is both prospective and contingent on the occurrence of some anticipated event. *Id.* at 667, 536 N.W.2d at 219; *Jocius v. Jocius*, 218 Wis. 2d 103, 118, 580 N.W.2d 708, 715 (Ct. App. 1998). Therefore, a court may not order a change in placement at some future time contingent on an assessment by the parties and, in this case, by Dr. Andrew Paulson, of the children's best interests. As we said, custody and placement determinations must "embody a sense of contemporaneity . . . whether in original or modification proceedings." *Koeller*, 195 Wis. 2d at 666, 536 N.W.2d at 219. However, *Koeller* does not circumscribe the parties' right to informally agree to change their children's physical placement schedule. It is Ann and Nicolas's prerogative to agree to modify physical placement; however, their agreement does not "affect physical placement" for purposes of WIS. STAT. § 767.325. In other words, an informal agreement is just that; it does not mandate a placement schedule that could be enforced in the courts.

¶ 14. We are similarly persuaded that the December 2001 order modifying child support did not substantially affect physical placement. Wisconsin Stat. ch. 767 does not define the term "affect" and there is no Wisconsin case that has addressed the precise scope of the statutory term for the purpose of physical placement. We agree with Nicolas that in the absence of a statutory definition, the general rule is to construe the plain language of the statute according to common and approved usage of the words chosen by the legislature. Wis. Stat. § 990.01(1); *see also State v. Gilbert*, 115 Wis. 2d 371, 377–78, 340 N.W.2d 511, 515 (1983). Common meaning of words may be established by using a dictionary. *Gilbert*, 115 Wis. 2d at 378, 340 N.W.2d at 515. We conclude that the most common and appropriate usage of the term "affect" is "to act upon" or "to produce an effect upon." *See* Webster's Third New International Dictionary 35 (1993). Accordingly, an order that "affects" placement is one that produces an effect on the periods of physical placement awarded the parties, which effect a court may enforce at a later date. *See e.g.,* Wis. Stat. § 767.242. In practical terms, a revision of a placement order produces an effect on physical placement by requiring a different placement allocation.

¶ 15. Applying this construction to the December 2001 order, we conclude that the order did not "affect physical placement" under Wis. Stat. § 767.325 because it did not require a different placement allocation. As Nicolas argued, the court merely acknowledged as a precursor to its child support order that the parties had altered the children's periods of placement such that "Nicolas has placement . . . forty-three percent (43%) of the time." The court did not *order* a revision in physical placement such that Ann or Nicolas could later ask a

court to enforce the revised placement order. Instead, the court ordered only that the judgment of divorce "shall be amended" to reduce Nicolas's child support obligation.

¶ 16. Because the court's analysis regarding Nicolas's request to modify placement was anchored to the December 2001 order, we remand the case for a determination whether there has been a substantial change in circumstances since the 1999 divorce judgment such that modification of physical placement is in the children's best interest. If the court determines a modification from the initial placement allocation implemented at the time of divorce is appropriate, it shall consider the statutory directive in deciding what modification to make.[2]

---

[2] As an alternative argument, Ann contends that even if the December 2001 order did not affect physical placement, Nicolas is estopped from alleging the same changes in circumstance in his May 2002 motion to modify placement that the parties used to set the original placement schedule. Although Ann's argument is difficult to parse, we understand her to argue that Nicolas is estopped from alleging the same changes in circumstance, i.e., "the youngest child had attained school age, all three children were in attendance at school full time," that were "the basis for the altered placement schedule in existence at this time." We do not address the merits of this argument for several reasons. First, Ann does not cite any legal authority to support her claim that the doctrine of estoppel applies to custody or placement matters. Second, contrary to her assertion, Nicolas is *not* relying on the same circumstances that led the parties to agree to a prospective placement modification as set out in the marital settlement agreement. He cites additional changes in circumstances since the 1999 divorce judgment, including his

**Remand.**

¶ 17. The decision we adopt today directs the circuit court to use the 1999 divorce judgment as its marker when addressing whether there has been a substantial change in circumstances since the entry of the last order affecting physical placement. *See* WIS. STAT. § 767.325. However, we note that our holding may not necessarily result in a different resolution of Nicolas's motion for modification of the actual physical placement schedule the parties are currently employing. This is so because the standard to be applied under § 767.325(1)(b)2.b creates a rebuttable presumption that "[c]ontinuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child." This statutory directive requires the court to evaluate the actual circumstances of the periods of physical placement. Therefore, the court must consider a contemporaneous element regarding where the children actually reside. In this case, the actual schedule for physical placement is different from that set out in the 1999 judgment because of the parties informal modification in August 2001. Therefore, on remand, the court may determine that there has been a substantial change in circumstances since the judgment of divorce, and also determine that Nicolas failed to overcome the presumption that continuing the children's present placement schedule is in their best interest. *See* § 767.325(1)(b)2.b. The final decision, therefore, continues to rest within the sound discretion of the circuit court.

---

move into the children's school district and acceptance of a new job. And third, revisions of legal custody and physical placement orders are statutory.

## CONCLUSION

¶ 18.    Because we conclude that circuit court used the wrong court order as the starting point in reviewing Nicolas's motion to change physical placement, we reverse the order. On remand, we direct the circuit court to determine whether there has been a substantial change in circumstances since the entry of the divorce judgment, which is the last order that substantially affected physical placement, as set out in Wis. Stat. § 767.325(1)(b)1.b, and to determine whether a modification of the children's *current* physical placement schedule is in their best interest as required by § 767.325(1)(b)1.a. In determining this second factor, it is Nicolas's burden to persuade the circuit court to set aside the statutory presumption that continuing the children's actual physical placement with the parent with whom they are now residing for the greater period of time is in their best interest, as § 767.325(1)(b)2.b requires.

*By the Court.*—Order reversed and cause remanded.