STATE of Wisconsin, Plaintiff-Respondent,

Daniel P. BACH, Plaintiff,

Peggy A. LAUTENSCHLAGER,
Plaintiff-Appellant-Cross-Respondent,

v.

David A. ZIEN, Defendant-Respondent,

Scott L. GUNDERSON,
Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 2007AP1930. Submitted on briefs June 2, 2008.
—Decided September 16, 2008.*

2008 WI App 153

(Also reported in 761 N.W.2d 15.)

On behalf of the plaintiff-appellant-cross-respondent, the cause was submitted on the briefs *Robert J. Dreps* of *Godfrey & Kahn, S.C.,* of *Madison* and *Bruce M. Davey* of *Lawton & Cates, S.C.,* of Madison.

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the briefs of *Eric M. McLeod* and *Paul D. Barbato* of *Michael Best & Friedrich LLP* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Thomas M. Pyper* and *Cynthia L. Buchko* of *Whyte Hirschboeck Dudek S.C.* of Madison.

An amicus curiae brief was filed by *Brian E. Butler* and *Meg Vergeront* of *Stafford Rosenbaum LLP* of Madison for the National Conference of State Legislatures.

Before Curley, P.J., Kessler and Neubauer, JJ.

¶ 1. KESSLER, J. Former Attorney General Peggy A. Lautenschlager appeals from a judgment, entered after summary judgment proceedings, dismissing a Wis. Stat. § 19.37(1)(2005–06)[1] mandamus action that sought to compel state legislators David A. Zien and Scott L. Gunderson to provide Lautenschlager with drafts of legislation related to carrying a concealed weapon. Lautenschlager, who filed the case when she was attorney general, argues that the trial court erroneously denied her motion to substitute counsel that she filed after she was no longer attorney general, and that summary judgment should have been granted against the defendants. Gunderson cross-appeals from the trial court's holding that Lautenschlager was acting in her personal capacity when she initially requested the drafts when she was attorney general.

■

¶ 2. We conclude that Lautenschlager, who was no longer the attorney general at the time she moved to substitute counsel or when summary judgment was granted, lacked standing to seek a substitution of counsel or to appeal the judgment. We reach that conclusion because Lautenschlager filed the mandamus action in her official capacity as attorney general pursuant to Wis. Stat. § 19.37(1)(b), and not as a private citizen pursuant to § 19.37(1)(a). The authority to di-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

rect the litigation and appeal the judgment lies with the person holding the office of attorney general, now J.B. Van Hollen, who chose not to appeal the judgment. We further reject Lautenschlager's argument that she has standing to appeal the judgment as an "aggrieved party." Finally, we decline to consider Lautenschlager's argument that after she ceased to be attorney general, she should have been allowed to convert this action to a § 19.37(1)(a) action, because that issue is raised for the first time on appeal. We dismiss the appeal.

¶ 3.   Because we dismiss the appeal for the reasons noted above, we do not reach the merits of the summary judgment, of Zien's argument that the action is moot, or of the cross-appeal.[2] Resolution of those issues is not necessary, and we decline to address them. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground."). We dismiss both the appeal and the cross-appeal.

## BACKGROUND

¶ 4.   On August 18, 2005, Deputy Attorney General Daniel P. Bach sent a letter, on Department of Justice letterhead, to State Senator Zien and State Representa-

---

[2] Gunderson indicates in his brief that he filed the cross-appeal to ensure that he did not waive his disagreement with the trial court's conclusion that Lautenschlager acted in her personal capacity when she requested the legislative drafts. Because we do not consider the merits of the summary judgment or the determinations underlying that judgment, we dismiss the cross-appeal without considering the substantive issues it raises. *See Estate of Lyons v. CNA Ins. Cos.*, 207 Wis. 2d 446, 449 n.1, 558 N.W.2d 658 (Ct. App. 1996) (dismissing cross-appeal that alleged alternative ground for dismissing claims where court of appeals affirmed trial court's dismissal of claims).

tive Gunderson seeking records pursuant to Wisconsin's Open Records Law, WIS. STAT. §§ 19.31–19.39. The letter stated: "Pursuant to Chapter 19, Wisconsin Statutes, I hereby request copies of any 2005 Legislative Session bill drafts your offices have been working on relating to carrying a concealed weapon that have been shared with anyone outside the legislature or the Legislative Reference Bureau."

¶ 5. In response, on August 23, 2005, Gunderson and Zien wrote Bach a letter indicating they believed that Bach's open records request conflicted with WIS. STAT. § 19.32, which exempts from disclosure drafting records of un-introduced legislation. The letter stated they planned to confer with the Legislative Council, the Legislative Reference Bureau and others before providing a more detailed response to the request.

¶ 6. On August 25, 2005, Bach replied. His letter reiterated that he was seeking "only copies circulated to any third parties outside the legislature and the Legislative Reference Bureau" and referenced a letter by the attorney general concerning disclosure of such drafts. Bach's letter also stated: "As you know, the Department of Justice has a profound interest in any legislation impacting on public safety. If necessary, we will take appropriate measures to ensure not only our access, but that of the public to the type of bill drafts I have identified."

¶ 7. On September 1, 2005, Attorney General Lautenschlager filed suit in Dane County Circuit Court.[3] The complaint identified the State of Wisconsin as plaintiff and Gunderson and Zien as defendants. It sought a judgment "declaring that legislative bill drafts

---

[3] The complaint was filed by Lautenschlager and Assistant Attorney General Monica Burkert-Brist. Burkert-Brist repre-

circulated among third parties . . . constitute 'records' within the meaning of the public records law, Wɪs. Stat. § 19.32" and declaring that Gunderson and Zien "are responsible for producing the requested records as required by Wɪs. Stat. § 19.36(3)." It also sought an order of mandamus requiring production of the public records pursuant to Wɪs. Stat. § 19.37(1).[4]

¶ 8. Gunderson and Zien both moved to dismiss the complaint on grounds that Lautenschlager lacked standing to bring the action on behalf of the State of Wisconsin because there was no statutory authority for the attorney general to initiate a public records request

sented the attorney general's office throughout the duration of the case, including after J.B. Van Hollen became attorney general.

The Wisconsin Newspapers Association moved to intervene as a plaintiff. The motion was ultimately denied and is not at issue in this appeal. Therefore, we will not discuss the proceedings concerning that association.

[4] Mandamus actions in public records cases are authorized by Wɪs. Stat. § 19.37(1), which provides in relevant part:

> **Enforcement and penalties. (1)** Mandamus. If an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made, the requester may pursue either, or both, of the alternatives under pars. (a) and (b).
>
> (a) The requester may bring an action for mandamus asking a court to order release of the record. The court may permit the parties or their attorneys to have access to the requested record under restrictions or protective orders as the court deems appropriate.
>
> (b) The requester may, in writing, request the district attorney of the county where the record is found, or request the attorney general, to bring an action for mandamus asking a court to order release of the record to the requester. The district attorney or attorney general may bring such an action.

on behalf of the State, or to seek a writ of mandamus to enforce such a request on the State's behalf.

¶ 9. On December 23, 2005, Lautenschlager filed an amended complaint that added Lautenschlager and Bach as plaintiffs, identifying them as the attorney general and deputy attorney general and using their Department of Justice address. It also added a third claim alleging that Gunderson and Zien's denial of access to the records was "arbitrary and capricious" in violation of WIS. STAT. § 19.37(3).

¶ 10. Gunderson and Zien both moved to dismiss the amended complaint. Gunderson asserted that the records request was made by Deputy Attorney General Bach at the direction of Attorney General Lauten-schlager, both acting in their official capacities. He argued that because there is no statutory authority for the attorney general or deputy attorney general to request the records, they lacked standing.[5]

¶ 11. In response, Lautenschlager argued that the public records law did not bar Bach "from being a requester [of public records] simply because he is doing his job." She also asserted that she was a requester, because she directed Bach to make the request. She argued that nothing in the public records law bars an attorney general from bringing a WIS. STAT. § 19.37(1) enforcement action to enforce a valid request made by her or her employees.

¶ 12. On April 27, 2006, the trial court issued a written decision on the motion to dismiss. The trial court dismissed the State as a party, as well as the claims concerning declaratory judgment and arbitrary

---

[5] The defendants raised additional issues in their trial-level briefs that are not at issue on appeal and therefore will not be addressed.

and capricious actions. However, the court denied the motion to dismiss with respect to the mandamus action. The court reasoned that the complaint supported the conclusion that both Bach and Lautenschlager had, acting in their *personal* capacities, requested the records (Bach by writing the letter and Lautenschlager by asking him to do so). The court further concluded that Lautenschlager had then filed the mandamus action acting in her *official* capacity, pursuant to Wis. Stat. § 19.37(1)(b). The trial court noted that neither Lautenschlager nor Bach had brought the action for mandamus pursuant to § 19.37(1)(a), which allows a requester to seek enforcement by personally filing an action for mandamus. *See id.* .

¶ 13. Lautenschlager, Gunderson and Zien all moved for summary judgment in October 2006. Briefing was completed on December 11, 2006.

¶ 14. In the meantime, Van Hollen was elected attorney general in November 2006 and took office in January 2007. The first case activity in 2007 occurred in March 2007, when Assistant Attorney General Burkert-Brist wrote the trial court a letter stating that "the Department of Justice and the legislative leadership of both houses have reached agreement on the terms of a comprehensive settlement of this matter" and suggesting that the trial court hold off on further consideration of the motions for summary judgment. Ultimately, the settlement attempt failed.

¶ 15. On May 31, 2007, Lautenschlager, acting through two private law firms, filed a motion to substitute counsel, replacing Van Hollen and Burkert-Brist with the two private law firms. Her motion stated as grounds the fact that she was not being informed or consulted about settlement discussions in the case.

¶ 16. On June 6, 2007, the trial court conducted a hearing on Lautenschlager's motion. Gunderson and Van Hollen opposed the motion while Zien, who was no longer a state senator, took no position on it. The trial court denied Lautenschlager's motion, concluding that although she requested the public records in her personal capacity, she filed the action for mandamus in her official capacity as the attorney general. The trial court reasoned that when Van Hollen took over as attorney general, control of the case transferred to him.

¶ 17. The trial court further concluded that to the extent Lautenschlager was attempting to intervene as a party plaintiff in an action brought by the attorney general, that motion was denied.[6] The court noted that both parties had already filed extensive written arguments on the summary judgment motions, all of which was completed before Lautenschlager left office. All that remained was for the trial court to decide the motions for summary judgment.

¶ 18. On June 27, 2007, the trial court issued a written decision granting summary judgment in favor of Gunderson and Zien.[7] Lautenschlager appealed the judgment. In response, Gunderson filed a motion to dismiss the appeal on grounds that Lautenschlager was not a party and did not have standing to appeal; Van

---

[6] It is undisputed that Lautenschlager did not file a formal motion to intervene pursuant to Wis. Stat. § 803.09, and on appeal she does not assert that she should have been allowed to intervene. Therefore, we do not consider whether a motion to intervene would have been properly granted.

[7] The trial court did not hold oral argument on the summary judgment motions. The decision was based solely on the written submissions, which were all filed in 2006. Because we do not consider the merits of the judgment, the trial court's conclusions will not be discussed here.

349

Hollen filed a letter in support of the motion. Gunderson also filed a cross-appeal to preserve his right to contest the trial court's conclusion that Lautenschlager was acting in her personal capacity when the records request was made. We declined to dismiss the appeal, indicating that the issues would be more fully addressed if briefing occurred. This appeal follows.

## DISCUSSION

¶ 19.   The dispositive issue in this appeal is whether Lautenschlager had standing to substitute counsel and appeal the summary judgment dismissing the mandamus action. "The essence of the standing inquiry is whether the party seeking review has alleged a personal stake in the outcome of the controversy." *Kiser v. Jungbacker*, 2008 WI App 88, ¶ 12, 312 Wis. 2d 621, 754 N.W.2d 180. "A person may not appeal from a judgment unless he or she is aggrieved by it." *Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 217, 418 N.W.2d 14 (Ct. App. 1987). "A person is aggrieved if the judgment bears directly and injuriously upon his or her interests; the person must be adversely affected in some appreciable manner." *Id.* Whether an individual has standing presents an issue of law that we review *de novo. Estate of Hegarty v. Beauchaine*, 2006 WI App 248, ¶ 24 n.11, 297 Wis. 2d 70, 727 N.W.2d 857. Likewise, we apply a *de novo* review to questions of statutory interpretation. *State v. Sveum*, 2002 WI App 105, ¶ 5, 254 Wis. 2d 868, 648 N.W.2d 496.

¶ 20.   For purposes of this opinion, we will accept the trial court's conclusion that Lautenschlager requested the public records in her personal capacity, and

then filed the mandamus action in her official capacity pursuant to WIS. STAT. § 19.37(1)(b).[8] Given these assumptions, we address the following questions: (1) Does a former attorney general have authority to continue to litigate a case brought in his or her official capacity as the attorney general? (2) Once a mandamus action is filed by the attorney general pursuant to § 19.37(1)(b) to enforce compliance with the open records law, is the records requester entitled to control the action, including the right to direct, settle or compromise the case, or replace the Department of Justice as counsel? We answer both questions in the negative. In addition, because Lautenschlager never moved the trial court to convert the § 19.37(1)(b) action to a § 19.37(1)(a) action, we decline to address her argument that she should be allowed to do so. For these reasons, we dismiss Lautenschlager's appeal without considering the merits of her challenge to the summary judgment.

## I. Successor attorneys general assume responsibility for previously filed cases when they take office.

¶ 21. Substitution of parties is governed by WIS. STAT. § 803.10. As relevant here, it provides:

(4) PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE. (a) *When a public officer . . . is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not*

---

[8] We decline to consider the merits of the trial court's conclusion that Lautenschlager requested the records in her personal capacity, given the current posture of the case and our mission to decide cases on the narrowest possible ground. *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("cases should be decided on the narrowest possible ground").

*abate and the successor is automatically substituted as a party.* Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

(Emphasis added.) Applying § 803.10(4)(a), we conclude that when Van Hollen became attorney general in January 2007, he assumed responsibility for the mandamus action previously filed by Lautenschlager in her official capacity as attorney general.

¶ 22.  Lautenschlager does not dispute this conclusion. Rather, she contends that as the records requester, not as the former attorney general, she has standing to participate in and appeal the judgment, and to seek to convert the Wis. Stat. § 19.37(1)(b) action to a § 19.37(1)(a) private enforcement action. We examine these arguments in turn.

**II.  Records requesters who ask the attorney general to enforce their records request pursuant to Wis. Stat. § 19.37(1)(b) have no authority to direct, settle, compromise, appeal or substitute counsel in a case brought by the attorney general.**

██

¶ 23.  When someone requests and is denied access to a public record, the requester has three options pursuant to Wis. Stat. § 19.37(1):  bring a mandamus action asking a court to order release of the records, *see* § 19.37(1)(a); ask the district attorney or attorney general to bring an action for mandamus asking a court to

order release of the record to the requester, *see* § 19.37(1)(b); or do both, *see* § 19.37(1) ("[T]he requester may pursue either, or both, of the alternatives under pars. (a) and (b).").[9]

---

[9] The remedies available under § 19.37(1)(a) and (b) are different from one another, suggesting a reason why one might chose to separately pursue both alternatives. *See* WIS. STAT. § 19.37(2)-(4), which provide:

**(2)** COSTS, FEES AND DAMAGES. (a) Except as provided in this paragraph, the court shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under sub. (1) relating to access to a record or part of a record under s. 19.35 (1) (a). If the requester is a committed or incarcerated person, the requester is not entitled to any minimum amount of damages, but the court may award damages. Costs and fees shall be paid by the authority affected or the unit of government of which it is a part, or by the unit of government by which the legal custodian under s. 19.33 is employed and may not become a personal liability of any public official.

(b) In any action filed under sub. (1) relating to access to a record or part of a record under s. 19.35 (1) (am), if the court finds that the authority acted in a willful or intentional manner, the court shall award the individual actual damages sustained by the individual as a consequence of the failure.

**(3)** PUNITIVE DAMAGES. If a court finds that an authority or legal custodian under s. 19.33 has arbitrarily and capriciously denied or delayed response to a request or charged excessive fees, the court may award punitive damages to the requester.

**(4)** PENALTY. Any authority which or legal custodian under s. 19.33 who arbitrarily and capriciously denies or delays response to a request or charges excessive fees may be required to forfeit not more than $1,000. Forfeitures under this section shall be enforced by action on behalf of the state by the attorney general or by the district attorney of any county where a violation occurs. In actions brought by the attorney general, the court shall award any forfeiture recovered together with reasonable costs to the state; and in actions brought by the district attorney, the court shall award any forfeiture recovered together with reasonable costs to the county.

¶ 24.  For purposes of this opinion, we have accepted the trial court's conclusion that Lautenschlager requested the records in her personal capacity and then, acting pursuant to WIS. STAT. § 19.37(1)(b), asked the attorney general (who happened to be Lautenschlager) to bring the action for mandamus on her behalf. Lautenschlager, as the attorney general, agreed to do so and filed the action as the attorney general pursuant to § 19.37(1)(b). Lautenschlager did not file a separate mandamus action pursuant to § 19.37(1)(a) in her personal capacity.

¶ 25.  The issue presented is whether a private citizen requester has any right to direct, settle, compromise, appeal or substitute counsel in a case brought by the attorney general pursuant to WIS. STAT. § 19.37(1)(b). This is an issue of first impression for the Wisconsin appellate courts. We conclude a requester does not have those rights under the statutes and, therefore, Lautenschlager as the requester had no right to substitute counsel for the attorney general or appeal the judgment from which the attorney general declined to appeal.

¶ 26.  When Lautenschlager moved to substitute counsel, her written motion stated that she wanted Van Hollen and Burkert-Brist withdrawn as her counsel of record. She wanted two private law firms to be substituted in their place. She noted that Van Hollen had not agreed to the substitution, but asserted that "substitution of counsel is appropriate under SCR 11.02(3)[10]

---

[10] SCR 11.02 provides in relevant part:

**Appearance by attorney.**

. . . .

(3) SUBSTITUTION OF ATTORNEYS. No order for the substitution of an attorney for a party may be made without consent signed by the

even without the Attorney General's consent because the Attorney General's failure to communicate the contents of the proposed settlement to the plaintiff is sufficient 'cause' for substitution of counsel." Underlying Lautenschlager's assertion was her assumption that the attorney general represented her personal interests rather than the interests of the State in obtaining compliance with its statutes, and thus, she implied that the requester has a right to control an action brought on the requester's behalf by the attorney general. At the motion hearing, counsel for Lautenschlager explained her position: "The open records law under [WIS. STAT. §] 19.37(1)(b) allows the Department of Justice to agree to represent a requester. Nothing in that statute says they [the Department of Justice] thereby control the litigation over the requester's objection." In support of her position, Lautenschlager relied on the text of § 19.37(1)(b).

¶ 27. The trial court rejected this reasoning, concluding that the plaintiff in the litigation is the attorney general, not the requester. Thus, the trial court held, when the person who holds the lawful authority to exercise the powers of the attorney general changes, the new attorney general becomes the plaintiff.

¶ 28. On appeal, both Gunderson and Van Hollen urge this court to affirm the trial court's conclusion that the attorney general—not the records requester—controls mandamus actions brought pursuant to WIS. STAT. § 19.37(1)(b). Van Hollen contends the statutory language of § 19.37(1) supports the conclusion that actions brought pursuant to § 19.37(1)(a) and (b) are

party and his or her attorney; or for cause shown and upon such terms as shall be just, and on such notice as the court or judge shall direct.

not the same. He explains that when an individual chooses to ask the attorney general to pursue a mandamus action,

> the requester incurs no expenses as the action is brought by, and at the expense of, the state. It is notable that WIS. STAT. § 19.37(1) specifically states that a requester may pursue *either or both* of these alternatives to obtain the release of a public record. This is significant in that it clearly presumes that these two options represent separate and distinct courses of action.

(Emphasis in original.)

¶ 29. Gunderson notes that the penalties for violating the open records law are different depending on whether mandamus is sought pursuant to WIS. STAT. § 19.37(1)(a) or (b). He explains:

> In a private action brought by the requester under WIS. STAT. § 19.37(1)(a), the requester may seek a writ of mandamus, and may also recover costs, attorneys fees, actual damages and punitive damages if successful. WIS. STAT. § 19.37(1)(a), (2)(a) and (3). In an action brought by the Attorney General under § 19.37(1)(b), the Attorney General may seek a writ of mandamus, but may also seek a forfeiture of up to $1,000. WIS. STAT. § 19.37(1)(b) and (4). The Attorney General may not seek punitive or actual damages, or recover costs and attorneys fees under (1)(b). Conversely, a requester may not seek a forfeiture.

¶ 30. Finally, Van Hollen argues that the duty of the attorney general and the Department of Justice "is to represent the interests of the state, not private citizens, by ensuring the public records law is complied with." He notes that if Lautenschlager "wished to ensure her individual interests were protected in the event the state wished to take a position contrary to

356

hers, she could, and should have, initiated her own private action under [Wɪs. Sᴛᴀᴛ.] § 19.37(1)(a)."[11]

¶ 31.  In response, Lautenschlager first argues that she is a named party to the suit based on her joinder as a plaintiff in the amended complaint. She asserts that even if she is not a party, she is still an "aggrieved party" who can appeal because she "has a substantial interest adverse to the judgment." *See Ford Motor Credit Co.*, 142 Wis. 2d at 218.

¶ 32.  We reject Lautenschlager's assertion that she was a named party to the suit in her individual capacity. When she and Bach were added as plaintiffs in the amended complaint, it was in their official capacities; the amended complaint identified them by their official titles, used their official addresses and in all other ways indicated they were plaintiffs as the attorney general and deputy attorney general of Wisconsin.

¶ 33.  We also reject Lautenschlager's assertion that she has standing as an aggrieved party. We conclude, based on the text of Wɪs. Sᴛᴀᴛ. § 19.37, that the legislature did not intend to allow a requester to control or appeal a mandamus action brought by the attorney general pursuant to § 19.37(1)(b). Our decision is based on legal standards dictating that we "achieve a reason-

---

[11] Van Hollen also argues that the attorney general is required to seek the governor's approval to settle cases pursuant to Wɪs. Sᴛᴀᴛ. § 165.08, and that this supports the conclusion that the individual records requester does not have a say in the settlement of cases. Lautenschlager disagrees, asserting that the lack of a comparable statute concerning a district attorney's power to compromise a mandamus action means the case could proceed differently if a mandamus action were brought by the attorney general instead of the district attorney. We decline to address this issue because we conclude it is not crucial to our holding in this case. *See Blalock*, 150 Wis. 2d at 703.

able construction that will effectuate the legislature's purpose," *see Culligan v. Cindric*, 2003 WI App 180, ¶ 10, 266 Wis. 2d 534, 669 N.W.2d 175, and "interpret statutes reasonably and as a whole, to avoid absurd or unreasonable results," *see Seifert v. School Dist. of Sheboygan Falls*, 2007 WI App 207, ¶ 34, 305 Wis. 2d 582, 740 N.W.2d 177. When we analyze a statute,

> we begin with the language of the statute and give it its common, ordinary, and accepted meaning . . . . We interpret statutory language in the context in which it is used and in a reasonable way so as to avoid absurd or unreasonable results. If, employing this approach, we conclude the statutory language has a plain meaning, then we apply the statute according to its plain meaning.

*Cambier v. Integrity Mut. Ins. Co.*, 2007 WI App 200, ¶ 13, 305 Wis. 2d 337, 738 N.W.2d 181 (citations omitted).

¶ 34. Applying these legal standards, we conclude that the plain language of WIS. STAT. § 19.37(1) outlines two distinct courses of action when a records request is denied. First, a requester who is denied access to records may proceed with his or her own mandamus action, "asking a court to order release of the record." Section 19.37(1)(a). If the requester of records who originally sought the records pursuant to WIS. STAT. § 19.35(1)(a)[12] elects to proceed under § 19.37(1)(a), the

---

[12] WISCONSIN STAT. § 19.35(1) provides in relevant part:

**Access to records; fees. (1)** RIGHT TO INSPECTION. (a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the

potential remedies include access to the records and the recovery of costs, attorney fees, actual damages and punitive damages. *See* § 19.37(1)(a), (2)(a) & (3).

¶ 35. If a requester instead decides to seek the assistance of the attorney general or district attorney, the attorney general or district attorney "may bring such an action." *See* WIS. STAT. § 19.37(1)(b). If an authority or legal custodian of records has acted arbitrarily and capriciously, he or she may be required to forfeit "not more than $1,000," and this forfeiture "shall be enforced by action on behalf of the state by the attorney general or . . . district attorney." *See* § 19.37(4). The statute continues: "In actions brought by the attorney general, the court shall award any forfeiture recovered together with reasonable costs to the state." *Id.*

¶ 36. The plain language of WIS. STAT. § 19.37(1) dictates distinct courses of action, and prescribes different remedies for each course. There is nothing in the language of § 19.37(1) that suggests a requester is "hiring" the attorney general as a sort of private counsel to proceed with the case, or that the requester would be a named plaintiff in the case with the attorney general appearing as counsel of record. There are no provisions requiring the attorney general to consult with the requester during the case as a private counsel must do with a client. Indeed, the attorney general is not even required to accept the case, but "may" do so. *See* § 19.37(1)(b). This suggests that the attorney general is

authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.

The remedies for requesters of records pursuant to WIS. STAT. § 19.35(1)(am) are addressed separately in WIS. STAT. § 19.37(2) and are not at issue here.

359

intended to exercise discretion in the interest of the State and enforcement of its statutes when deciding whether to bring the requested action. If the attorney general brings suit, it is to further the interests of the public in enforcing the open records law, not to represent an individual, even if the requester may ultimately benefit from having the attorney general pursue the case.

¶ 37. Thus, just like others who are affected by cases brought by an attorney general or district attorney, Lautenschlager does not now have control over a case that was brought to further the State's interest in enforcing the open records law. Lautenschlager is not an "aggrieved party" who has standing to appeal. In the context of the open records statutes, "aggrieved party" cannot mean a person or entity who is not happy with the outcome of the attorney general's or district attorney's litigation, particularly where the statutes provide a clear and meaningful alternative enforcement mechanism for private citizens. If mere dissatisfaction were sufficient to justify a private appeal of a State-brought action, then every media outlet in the state would be "aggrieved" when the attorney general settles an open record action in a manner that does not provide all of the documents the requester hoped to obtain. Similarly, if the attorney general resolved an open records request on behalf of prisoner A, and prisoner B thought the resolution was inadequate, *pro se* appeals on behalf of the State would likely flourish. We find no evidence that the legislature intended such an outcome or in any way authorized private parties to insert themselves into actions brought, albeit at their request, to further the State's interest in obtaining compliance with its statutes. We decline to create such a public policy quagmire by reading into the statutes a result

neither specifically authorized nor apparently even contemplated by the legislature.

¶ 38.   For these reasons, we reject Lautenschlager's assertion that she has standing as a private party to control the litigation because such a conclusion would directly conflict with the plain language of Wis. Stat. § 19.37.

**III.  This court declines to consider Lautenschlager's conversion argument because it is raised for the first time on appeal.**

¶ 39.   Lautenschlager contends that she should be allowed to convert this Wis. Stat. § 19.37(1)(b) action to a § 19.37(1)(a) action, and that her "motion to substitute counsel" was actually a request to convert the action. She explains:   "[I]nherent in a request to substitute her own counsel in place of the Attorney General in order to continue the mandamus action is a request that she be allowed to proceed with the action under (1)(a)."

¶ 40.   We are unconvinced. We have carefully examined the motion and the transcript of the motion hearing.[13] Lautenschlager never asked the trial court to convert the case to a Wis. Stat. § 19.37(1)(a) action, and we reject her argument that such a request was "inherent" in her motion to substitute counsel. We do not

---

[13] The motion stated that Lautenschlager "moves the court to allow [her counsel] to be substituted as counsel of record for plaintiff Peggy A. Lautenschlager and that Attorney General J.B. Van Hollen and Assistant Attorney General Monica Burkert-Brist be withdrawn as her counsel of record in this action." There is no assertion that the case should be converted from a Wis. Stat. § 19.37(1)(b) action to a § 19.37(1)(a) action.

361

consider the merits of whether such a conversion is allowed by law or would be appropriate in this case because she did not raise this issue before the trial court. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980) (court need not address issues raised for the first time on appeal), *superceded on other grounds* by WIS. STAT. § 895.52.

*By the Court.*—Appeal and cross-appeal dismissed.