**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 10, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP357**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018FA183

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

JERRY D. YOUNG,

    PETITIONER-RESPONDENT,

  V.

ANNA M. YOUNG,

    RESPONDENT-APPELLANT.

APPEAL from a judgment of the circuit court for Columbia County: W. ANDREW VOIGT, Judge. *Reversed and cause remanded with directions.*

Before Fitzpatrick, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anna Young appeals a divorce judgment arguing that the circuit court erroneously exercised its discretion by making a prospective and contingent legal custody award contrary to *Koeller v. Koeller*, 195 Wis. 2d 660, 536 N.W.2d 216 (Ct. App. 1995). We agree with Young, and accordingly we reverse and remand for the circuit court to exercise its discretion in a manner consistent with *Koeller*.

¶2 Anna and her now ex-husband Jerry Young entered into a partial marital settlement agreement, with the legal custody of their minor child remaining in dispute. Anna sought sole legal custody, and Jerry sought joint legal custody. The guardian ad litem recommended sole legal custody to Anna based on the existence of no-contact orders that included a criminal bond condition prohibiting Jerry from having any form of contact with Anna.

¶3 As set forth in the divorce judgment, the circuit court awarded Anna sole legal custody, determining that the no-contact conditions would substantially interfere with the exercise of joint legal custody. However, the judgment also stated that, "[a]t such time as these no contact conditions are no longer in effect, the parties shall have joint legal custody."

¶4 "'Custody determinations are matters within the trial court's discretion and will be sustained on appeal where the court exercises its discretion on the basis of the law and the facts of record and employs a logical rationale in arriving at its decision.'" *Jocius v. Jocius*, 218 Wis. 2d 103, 110-11, 580 N.W.2d 708 (Ct. App. 1998) (quoting *Koeller*, 195 Wis. 2d at 663-64). "'A court erroneously exercises its discretion, however, when it bases its determination on an error of law.'" *Id.* at 111 (quoting *Koeller*, 195 Wis. 2d at 664).

¶5 Anna argues that the circuit court's legal custody award is a prospective and contingent custody order, contrary to **Koeller** and subsequent case law based on **Koeller**. She contends that, under **Koeller**, the circuit court lacked authority to make a legal custody award that could automatically change custody at some unknown time in the future. We agree.

¶6 In **Koeller**, this court overturned a custody order that would have transferred custody and placement upon the death or incapacitation of a parent diagnosed with terminal cancer. *See **Koeller***, 195 Wis. 2d at 662-63. In reversing the order, we stated that neither the statute governing custody determinations, "nor any other relevant statute or case states, or even suggests, that a change in custody may be ordered contingent upon the occurrence of some anticipated event." *See id.* at 665. Rather, we stated, the applicable statutes "must be read to embody a sense of contemporaneity in custody determinations, whether in original or modification proceedings." *Id.* at 666. We concluded: "We do not see how the power to order a change of custody that is to take place at some unknown time in the future, upon the occurrence of some stated contingency, may be necessarily implied or inferred from the authority granted to the court." *Id.* at 667; *see also* **Culligan v. Cindric**, 2003 WI App 180, ¶13, 266 Wis. 2d 534, 669 N.W.2d 175 ("It is well settled that a circuit court lacks the statutory authority at divorce to order a change of physical placement that is both prospective and contingent on the occurrence of some anticipated event.").

¶7 We acknowledged in **Koeller** that "[t]he trial court's concern for the children's welfare in the unfortunate event that their mother becomes incapacitated or dies during their minority is understandable." *See **Koeller***, 195 Wis. 2d at 668. Nonetheless, we reversed because the prospective and contingent custody award went beyond the court's statutory authority. *See id.*

¶8 Similarly here, although the circuit court's legal custody award was undoubtedly well-intended and made with the child's best interest in mind, we reverse because the award went beyond the court's authority. In the words of *Koeller*, the award impermissibly provided for "a change of custody that is to take place at some unknown time in the future, upon the occurrence of some stated contingency." *See id.* at 667.[1]

¶9 Anna requests that we direct the circuit court to enter an order that grants her sole legal custody without a prospective provision for joint custody. We conclude that the better approach is to remand for the circuit court to exercise its discretion in a manner consistent with *Koeller*.

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2017-18).

---

[1] Jerry appears to assert that the date he will resume contact with Anna is certain, being set to occur in January 2021. However, Jerry does not provide a record citation to support this assertion. Regardless, at the time that the circuit court decided legal custody, the court found that the date was unknown, as shown by the following exchange at the hearing on custody:

> MR. YOUNG: Just so I understand, if I get the bond conditions amended, then we go to shared custody in 67 days? Or whenever it does happen?
>
> THE COURT: I don't know when. Frankly, it could happen in a week, or it could happen a year from now. I don't know, but unless I enter a different order, then joint legal custody starts on the day the bond conditions end.