**2021 WI App 78**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2020AP1781

Complete Title of Case:

**CHERI MASTEL,**

   **PETITIONER-APPELLANT,**

   **V.**

**SCHOOL DISTRICT OF ELMBROOK,**

   **RESPONDENT-RESPONDENT.**

| | |
|---|---|
| Opinion Filed: | October 27, 2021 |
| Submitted on Briefs: | August 26, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Grogan, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Thomas C. Kamenick* of *Wisconsin Transparency Project Kamenick Law Office, LLC,* Port Washington. |
| Respondent ATTORNEYS: | On behalf of the respondent-respondent, the cause was submitted on the brief of *Joel S. Aziere* and *Saveon D. Grenell* of *Buelow Vetter Buikema Olson & Vliet, LLC,* Waukesha. |

# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 27, 2021

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

---

**Appeal No.  2020AP1781**

**STATE OF WISCONSIN**

Cir. Ct. No.  2020CV886

**IN COURT OF APPEALS**

---

CHERI MASTEL,

   PETITIONER-APPELLANT,

 V.

SCHOOL DISTRICT OF ELMBROOK,

   RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge.  *Affirmed in part; reversed in part and cause remanded for further proceedings*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

¶1      GUNDRUM, P.J.   Cheri Mastel appeals from an order of the circuit court denying her petition for a writ of mandamus that sought to compel the School District of Elmbrook (District) to provide her with (1) the applications of three

applicants who were not "final candidates" for a vacant school board position; (2) the e-mail addresses, phone numbers, addresses, and other personal information of the seven applicants who ultimately were not chosen for the position; (3) the professional contact information of the one applicant who was chosen for the position; and (4) the "Declarations of Eligibility" for all eight applicants. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## *Background*

¶2 According to Mastel's petition, including documents attached thereto, the District sought to fill a vacant seat on its school board. Eight individuals applied for the appointment, five were selected as "final candidates," and one, Dr. Mushir Hassan, was ultimately chosen and appointed to fill the seat.

¶3 On May 12, 2020, prior to the selection of Hassan during a school board meeting later that day, Mastel e-mailed a record request to the District asking it to "point [her] to a *list* of all applicants for the Vacant School Board Position" or "[a]lternatively" provide her with "electronic copies of applications (with any redactions which may be necessary)." (Italics added.) On May 21, 2020, the District responded to her e-mail by stating that it "has conducted the applicable balancing test under the [Wisconsin public records law], and has determined that there are record(s) responsive to your request and that these record(s) are subject to disclosure," adding that it "intends to disclose the requested record[s]." The District explained why there would be a several day delay in releasing the records to Mastel but indicated that after that time it would release them to her, "except as otherwise required or authorized by law."

¶4      On May 22, 2020, counsel for Mastel e-mailed a letter to the District explaining why he believed the District's reasons for the delay were "unlawful" and stating that Mastel "insists that you provide the applications, in electronic format as she requested … immediately."  Counsel added that Mastel "would also like to clarify that her request includes *the e-mails* from the applicants sent to westfalc@elmbrookschools.org, as instructed on the application website ... not just *the application attached* to *such e-mails*."  (Emphasis added.)

¶5      On June 2, 2020, the District responded to Mastel's May 12 and 22 records requests, stating:

> The district has complied with its obligations under Wisconsin's Public Records Law … in response to this request.  We are releasing the applications of the top 5 finalists per [WIS. STAT. §] 19.36(7) Identities of Applicants for Public Positions.  Personal information has been redacted, such as the home address, e-mail address, phone number, or any other personal material that is prohibited from releasing [sic] under section 19.36(11).
>
> The documents pertaining to your request are attached to this e-mail.

¶6      Mastel filed this petition for a writ of mandamus under WIS. STAT. § 19.37(1)(a) (2019-20),[1] alleging numerous violations of the public records law and including various attachments, including her May 12 and 22 records requests as well as the District's May 21 and June 2 responses to those requests.  The petition alleges that the District unlawfully withheld the applications of the three applicants who were not "final candidates" for appointment to the position and adds that withholding these three applications was unlawful because "none of the three

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

applicants whose applications were withheld requested anonymity in writing, making the [WIS. STAT.] § 19.36(7) exception inapplicable to their applications."

¶7      Related to the seven unsuccessful applicants for the position, the petition alleges that the District unlawfully "redacted e-mail addresses, phone numbers, addresses, and other personal information from the records it produced to Mastel, claiming that [WIS. STAT.] § 19.36(11) prohibited release of that information." The petition states that these applicants "are not 'individual[s] who hold[] a local public office,'" and "[t]herefore, § 19.36(11) does not prohibit the release of their home addresses, e-mail addresses, or telephone numbers." (First and second alterations in original.)

¶8      The petition also alleges that the District unlawfully "redacted the e-mail address and signature block from Hassan's transmittal e-mail, which appears to be from a professional account." It asserts that "some or all of the information redacted from that e-mail is professional contact information, which is not exempted by [WIS. STAT.] § 19.36(11)."

¶9      Lastly, the petition alleges that the district unlawfully "failed to produce copies of any of the Declarations of Eligibility from the eight candidates," noting that the District's application process required from applicants both a completed application form and a sworn Declaration of Eligibility (establishing the applicant's residency and eligibility to serve on the District's board). The petition sets forth the application process found on the District's website for the school board vacancy:

> Any eligible person who desires to be considered for appointment to this public office must complete and file the following documents:

4

> 1. An application that identifies the potential appointee's name, residential address, telephone number, and that also addresses the individual's qualifications and the reasons he/she is interested in serving on the School Board.
>
> 2. A sworn Declaration of Eligibility. The Declaration must be sworn to before a notary or another official who is authorized to administer oaths.
>
> To ensure consideration, the application and a scanned copy of the notarized Declaration of Eligibility must be e-mailed by May 8, 2020 to [the executive assistant of the superintendent and Board of Education] westfalc@elmbrookschools.org.

Mastel attached a copy of a blank Declaration of Eligibility to the petition.[2]

¶10     The District moved to dismiss the petition on the basis that it failed to state a claim upon which relief may be granted. Following briefing and oral argument, the circuit court granted the motion. Mastel appeals, asserting that the petition did sufficiently state a claim upon which relief may be granted. We agree with Mastel in all respects except with regard to the Declarations of Eligibility.

### *Discussion*

¶11     We review de novo the dismissal of a complaint for failure to state a claim, accepting as true all factual allegations in the complaint and all reasonable inferences therefrom. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶¶17-19, 356 Wis. 2d 665, 849 N.W.2d 693; *Wisconsin Mfrs. & Com. v. Evers*, 2021 WI App 35, ¶10, 398 Wis. 2d 164, 960 N.W.2d 442. The sufficiency of a complaint "depends on the substantive law that underlies the claim." *Wisconsin Mfrs.*, 398 Wis. 2d 164, ¶10 (citing *Data Key Partners*, 356 Wis. 2d 665, ¶31). "[T]he alleged facts related to that substantive law must 'plausibly suggest [that the

---

[2] The petition also alleges the District "unlawfully delayed" in responding to Mastel's record requests. On appeal, she has expressly abandoned this issue.

plaintiff is] entitled to relief.'" ***Id.*** (second alteration in original; citation omitted). We also review independently the interpretation and application of statutes. ***Westmas v. Selective Ins. Co.***, 2016 WI App 92, ¶14, 372 Wis. 2d 683, 889 N.W.2d 178.

¶12 WISCONSIN STAT. § 19.31 provides that WIS. STAT. §§ 19.32 to 19.37 "shall be construed in every instance with a presumption of complete public access…. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied." WISCONSIN STAT. § 19.35(1) provides that "[e]xcept as otherwise provided by law, any requester has a right to" (a) "inspect any record" and (b) "make or receive a copy of a record." "Each authority, upon request for any record, shall, as soon as practicable and without delay, either fill the request or notify the requester of the authority's determination to deny the request in whole or in part and the reasons therefor." Sec. 19.35(4)(a). A government entity resisting disclosure of public records bears the burden "to rebut the strong presumption" favoring disclosure. ***C.L. v. Edson***, 140 Wis. 2d 168, 182, 409 N.W.2d 417 (Ct. App. 1987).

> When addressing an open records request, a records custodian must make the initial decision[] on … whether any statutory or common law exceptions to disclosure apply. If the custodian determines that the item is a record and no exceptions apply, the custodian must then conduct a balancing test to "weigh the competing interests involved and determine whether permitting inspection would result in harm to the public interest which outweighs the legislative policy recognizing the public interest in allowing inspection."
>
> If the custodian's decision is challenged … a court must make its own independent decisions regarding these matters, including the balancing test. "The duty of the custodian is to specify reasons for nondisclosure and the court's role is to decide whether the reasons asserted are sufficient." *If the custodian states no reason or insufficient reasons for refusing to disclose the information, the writ of mandamus*

> *compelling disclosure must issue.* A court should apply the balancing test "when the record custodian has refused to produce the record, in order to evaluate the merits of the custodian's decision."

*John K. MacIver Inst. for Pub. Pol'y, Inc. v. Erpenbach*, 2014 WI App 49, ¶¶13-14, 354 Wis. 2d 61, 848 N.W.2d 862 (emphasis added; citations omitted).

Applications of the Three Non-Final Candidates

¶13　The petition alleges that Mastel requested the applications of all candidates applying for the open school board position, and copies of her public records requests indicate that this is so. According to the petition and the District's June 2 response to Mastel's records requests, the District provided Mastel with the applications of only "the top 5 finalists," and did not provide her with the applications of the other three individuals who applied for the position. The only reason the District gave for declining to provide the applications of the other three applicants was a generic reference to WIS. STAT. § 19.36(7). This denial was in error.

¶14　WISCONSIN STAT. § 19.36(7) provides in relevant part:

**(a)** In this subsection:

**1.** "Final candidate" means each applicant who is seriously considered for appointment … and whose name is submitted for final consideration to an authority for appointment, to any of the following:

....

**b.** A local public office.

.…

**2.** "Final candidate" includes all of the following …:

> **a.** Whenever there are at least 5 applicants for an office or position, each of the 5 applicants who are considered the most qualified for the office or position by an authority.
>
> ....
>
> **(b)** Every applicant for a position with any authority may indicate in writing to the authority that the applicant does not wish the authority to reveal his or her identity. Except with respect to … a final candidate, *if* an applicant makes such an indication in writing, the authority shall not provide access to any record related to the application that may reveal the identity of the applicant.

(Emphasis added.) Boiled down, subsection (7) states that an authority, such as the District here, "shall not provide access to any record related to the application that may reveal the identity of [an] applicant" *if* the particular applicant (1) is not a "final candidate" for the position sought *and* (2) "indicate[d] in writing to the authority that [he or she] does not wish the authority to reveal his or her identity." Sec. 19.36(7). In the case before us, subsection (7) does not apply to protect the identities of the three applicants who were not final candidates if they did not provide such a written indication to the District, as the petition alleges is the case here. The petition sufficiently states a claim that the District violated the public

records law by failing to disclose the applications of these three non-"final candidate" applicants.[3]

Redacted Information of the Seven Unsuccessful Applicants

¶15    The petition also sufficiently alleges that the District unlawfully "redacted e-mail addresses, phone numbers, addresses, and other personal

---

[3] While in its May 21, 2020 response to Mastel, the District indicated that it had "conducted the applicable balancing test under the law," the District further stated that this balancing resulted in the District's conclusion that the records responsive to Mastel's records request "*are* subject to disclosure." (Emphasis added.) The District gave no indication that the balancing test suggested that any records were not subject to disclosure. At no time did the District show in its responses to Mastel's records requests that it had "weigh[ed] the competing interests involved" and with regard to the records it refused to disclose, had "determine[d] [that] permitting inspection would result in harm to the public interest which outweighs the legislative policy recognizing the public interest in allowing inspection." *See John K. MacIver Inst. for Pub. Pol'y, Inc. v. Erpenbach*, 2014 WI App 49, ¶13, 354 Wis. 2d 61, 848 N.W.2d 862 (citation omitted); *Village of Butler v. Cohen*, 163 Wis. 2d 819, 826, 472 N.W.2d 579 (Ct. App. 1991) ("[M]ere legal conclusions that a record is 'confidential' or that its release would be 'contrary to the public interest' insufficiently justif[ies] refusal because such reasons lack specificity." (citation omitted)).

Moreover, as it did before the circuit court, the District contends, erroneously, that the burden is on Mastel to identify a basis for disclosure, and fails not only to identify a clear statutory exception, but also to sufficiently address the competing interests of the public interest in disclosure and the public interest in keeping the record confidential, in light of the weighing already embodied in the statutory parameters. While we may apply a clear statutory exception even if a custodian failed to identify it, we see no such exception in this case, and we will not speculate as to other reasons to deny the request. *See Osborn v. Board of Regents*, 2002 WI 83, ¶16, 254 Wis. 2d 266, 647 N.W.2d 158 ("It is not th[e] court's role to hypothesize or consider reasons to deny the request that were not asserted by the custodian."); *Journal Times v. City of Racine Police & Fire Comm'rs*, 2015 WI 56, ¶76, 362 Wis. 2d 577, 866 N.W.2d 563 (concluding that the court may consider application of a "clear statutory exception" even if not raised in a denial).

information" from the records that it did produce to Mastel in relation to the seven unsuccessful applicants for the position.[4]

¶16    In its June 2, 2020 response to Mastel's public records requests, the only reason the District provided for redacting such information was a generic reference to WIS. STAT. § 19.36(11), which the District apparently believed "prohibited" it from releasing this information. Mastel's petition explains why this provision does not apply, noting that subsection (11) only prohibits the release of such information "of an individual who *holds* a local public office or a state public office,"[5] and "[t]he seven unsuccessful candidates are not 'individual[s] who hold[]

---

[4] This is how Mastel sets out the issue in her petition. We recognize that the petition alleges the District failed to produce the applications for the three non-finalist applicants. It is unclear, however, whether the District failed to produce any records related to these applicants. Regardless, our analysis as to redaction applies equally to the "e-mail addresses, phone numbers, addresses, and other personal information" of the three non-finalist applicants. Also, the District has not identified what, if anything, is encompassed within "other personal information," and thus, in this section we address the petition and the District's response as it pertains to e-mail, phone numbers and home addresses. We also note that the parties have addressed this contact information in a manner that assumes it identifies the applicant; thus, so will we.

[5] WISCONSIN. STAT. § 19.36(11) provides in relevant part:

> RECORDS OF AN INDIVIDUAL HOLDING A LOCAL PUBLIC OFFICE OR A STATE PUBLIC OFFICE. Unless access is specifically authorized or required by statute, an authority shall not provide access under [WIS. STAT. §] 19.35(1) to records … containing information maintained, prepared, or provided by an employer concerning the home address, home electronic mail address, home telephone number, or social security number of an individual *who holds a local public office* or a state public office, unless the individual authorizes the authority to provide access to such information. This subsection does not apply to the home address of an individual who holds an elective public office or to the home address of an individual who, as a condition of employment, is required to reside in a specified location.

(Emphasis added.)

a local public office.'" (Emphasis added.) Because the generic reference to subsection (11) is the only "reason" given by the District for refusing to disclose this information and because Mastel has sufficiently alleged facts indicating that this statute does not even apply to these seven applicants and thus does not "prohibit" the District from releasing this information, she has sufficiently stated a claim that the District violated the public records law in redacting this information. *See* **Erpenbach**, 354 Wis. 2d 61, ¶14 ("If the custodian states no reason or insufficient reasons for refusing to disclose the information, the writ of mandamus compelling disclosure must issue.").[6]

Redacted Information of Dr. Hassan

¶17 We next consider Mastel's claim that the District unlawfully "redacted the e-mail address and signature block from Hassan's transmittal e-mail, which appears to be from a professional account."

¶18 The attachments to Mastel's petition indicate that in its responses to Mastel's records requests, the District did not provide a specific explanation for why it was redacting Hassan's professional information. Assuming the District intended its alleged refusal to disclose this apparently non-"home" information of Hassan to be "covered" by its June 2, 2020 statement to Mastel that it had redacted "other personal material that is prohibited from releasing [sic] under [WIS. STAT. §] 19.36(11)," this denial was in error.

---

[6] The District complains that an applicant is entitled to less protection against disclosure of home phone numbers and e-mails than an individual who holds public office, and it asks that we extrapolate and extend the protection to applicants. The District fails to recognize that WIS. STAT. § 19.36(7) specifically addresses applicants. Moreover, the District does not identify any applicable legal authority to support its request that we override the statutory weighing of the competing interests for applicants embodied in the statute, particularly given the option of a non-finalist to protect his/her identity.

¶19 Mastel states in her petition that such "professional contact information [of Hassan's] … is not exempted by WIS. STAT. § 19.36(11)." She is correct as that subsection, by its plain language, only protects against disclosure of "home" addresses, "home" e-mail addresses, and "home" telephone numbers of "individual[s] who hold[] a local public office." *See* sec. 19.36(11). Without further explanation, "section 19.36(11)," by itself, does not provide a sufficient legal basis to refuse disclosure of non-"home" information. Mastel's petition sufficiently states a claim with regard to the redacted information of Hassan.

Declarations of Eligibility

¶20 Mastel's petition, however, does fail to sufficiently state a claim for relief in relation to the Declarations of Eligibility. While Mastel faults the District for failing to provide these declarations with regard to any of the applicants, neither of Mastel's records requests sufficiently indicated that she was requesting the applicants' Declarations of Eligibility.

¶21 Mastel's May 12, 2020 e-mail to the District asked the District to "point me to a *list* of all applicants for the Vacant School Board Position" or "[a]lternatively" to provide her with "electronic copies of *applications* (with any redactions which may be necessary)." (Italics added.) This e-mail obviously would have indicated to the District that a simple "list" of the applicants would have satisfied Mastel's request for information and records. Furthermore, Mastel's petition shows that a Declaration of Eligibility was a separate submission from an "application" that an applicant also needed to submit in order to be considered for appointment to the position. In Mastel's May 12, 2020 e-mail, there is no request for the "Declarations of Eligibility" of applicants—the request is for either a "list" of all applicants or electronic copies of "applications" for the post.

¶22    On May 22, 2020, counsel representing Mastel e-mailed a letter to the District "clarifying" that Mastel's May 12, 2020 request "includes *the e-mails* from the applicants sent to westfalc@elmbrookschools.org, as instructed on the *application* website ... not just the *application attached* to *such e-mails*." (Emphasis added.)  This is ambiguous because reference to "the e-mails" could be referring to either just the text-filled transmission to which electronic documents can be attached *or* such text-filled transmissions *along with* anything that is electronically attached thereto.  The last line—"not just the application attached to such e-mails"—however, suggests that counsel was referring to the first of these understandings of "e-mails" as it refers to "such e-mails" and one would "attach[]" an application to the text-filled transmission to which electronic documents can be attached.

¶23    Also ambiguous is what Mastel intended in reference to a request for an applicant's "application."  This could be interpreted as a reference to all materials submitted by an applicant in pursuit of the appointment, as seems to be suggested by Mastel's reference to "the application website," but it could also mean just the separate "application" document that was an individual item that needed to be submitted to the District in addition to a Declaration of Eligibility, as seems to be suggested by Mastel's reference to "the application attached to such e-mails."

¶24    A mandamus action may lie against an authority if the authority "*withholds* a record or part of a record" after a written request for disclosure of the record is made.  WIS. STAT. § 19.37(1) (emphasis added).  But the request for disclosure is only "deemed sufficient," and thus legally actionable, if it "reasonably describes the requested record or the information requested."  *See* WIS. STAT. § 19.35(1)(h).  Mastel's petition and attachments indicate that both she and the District were well aware that the Declaration of Eligibility was a separate item that needed to be submitted in order for an applicant to apply for the position, yet neither

her May 12 nor May 22 records requests "reasonably describe" that item. *See Seifert v. School Dist. of Sheboygan Falls*, 2007 WI App 207, ¶¶39-41, 305 Wis. 2d 582, 740 N.W.2d 177 (in determining whether a request "reasonably describes" the record or information requested, we may consider how a reasonable records custodian would "[r]ead" the request "in light of the background facts"). Thus, her records requests failed to reasonably describe that Mastel was requesting the Declarations of Eligibility for the applicants in addition to the text-filled transmission to which documents can be attached ("the e-mails"/"such e-mails") and the separate application document "attached to such e-mails." To sufficiently state a claim for mandamus then with regard to the Declarations of Eligibility, Mastel needed to allege in her petition facts showing she "reasonably described" in writing to the District that she was requesting the declarations and thus that the District "withheld" them from her. *See id.*, ¶42 ("While magic words are unnecessary, some requirement for specificity makes sense. A custodian should not have to guess at what records a requester desires."). Her petition fails in this regard.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded for further proceedings.